FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2022 JUL -6 AM 10: 22

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.

Case No. 3:22-cr-82 - TJC- JBT

RAUL SOLIS

18 U.S.C. § 371

## INFORMATION

The United States Attorney charges:

## COUNT ONE

1.      Beginning no later than in or about 2014, and continuing through on or about October 24, 2019, in the Middle District of Florida, and elsewhere, the defendant,

RAUL SOLIS,

did unlawfully, voluntarily, intentionally, knowingly, and willfully conspire, combine, confederate, and agree with Co-Conspirator A, Co-Conspirator B, and other persons known and unknown to the United States Attorney:

(i)     to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of federal payroll taxes, specifically Federal Insurance Contributions Act ("FICA") taxes (Social Security tax and Medicare tax) and federal income taxes; and

(ii)     to unlawfully employ aliens who were neither lawfully admitted to, nor authorized to be employed in, the United States, in violation of 8 U.S.C. § 1324a.

2.     The manner and means by which the defendant and his co-conspirators carried out the conspiracy included, among other things:

a.     It was part of the conspiracy that the defendant and Co-Conspirators A and B operated three related construction companies, Solis Brothers Company, LLC, Duval Framing, LLC, and H&S Framing LLC.

b.     It was further part of the conspiracy that the defendant and Co-Conspirators A and B did not comply with their legal obligation to verify that potential employees were not unauthorized aliens (that is, aliens who were neither admitted to the United States for permanent residence nor authorized to be employed under the laws of the United States), and as a result, the conspirators routinely hired and continued to employ unauthorized aliens.

c.     It was further part of the conspiracy that the defendant and Co-Conspirators A and B established and controlled corporate checking accounts in the names of these three companies.

d.     It was further part of the conspiracy that the defendant and Co-Conspirators A and B engaged third party payroll companies to perform certain administrative functions for their three companies, including the procurement and management of worker's compensation insurance, the issuance of payrolls checks to employees, and the withholding FICA taxes.

2

e.    It was further part of the conspiracy that the defendant and Co-Conspirators A and B misrepresented the number of hours worked by their employees when reporting to their payroll companies, to include regularly reporting that employees worked between 30 to 50 hours per two-week period, when, in fact, they typically worked more than 80 hours during that same period.

f.    It was further part of the conspiracy that the conspirators underreporting of hours worked caused the payroll companies to issue payroll checks for the employees in amounts that were not commensurate with the amount of work that the employees had performed; withheld insufficient amounts of taxes; and collected from Solis Brothers, Duval Framing, and H&S Framing less than the payroll companies were actually owed for their administrative fees and for maintaining workers' compensation insurance coverage.

g.    It was further part of the conspiracy that the conspirators made additional, supplemental payments to employees via cash or checks to make up the difference between the amount of the payroll checks and the amounts owed to the employees.

h.    It was further part of the conspiracy that, when making supplemental payments to employees with cash or checks, the conspirators failed to withhold FICA taxes and federal income taxes.

3.    In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

3

a.      On or about March 12, 2014, the defendant caused Co-Conspirator A to given signature authority with the defendant over a Solis Brothers' checking account.

b.      On or about November 3, 2014, to obtain cash to pay employees the difference between the amount of payroll checks prepared by a payroll company and the amounts owed to the employees, Co-Conspirator B cashed a check from Solis Brothers payable to a shell company in the amount of $9,684.92.

b.      On or about June 10, 2015, Co-Conspirator A formed Duval Framing LLC and registered it with the State of Florida.

c.      On or about August 7, 2017, Co-Conspirator B formed H&S Framing, LLC and registered it with the State of Florida.

d.      On or about February 13, 2018, to obtain cash to pay employees the difference between the amount of payroll checks prepared by a payroll company and the amounts owed to them, Co-Conspirator B cashed a check from Solis Brothers payable to H&S Framing in the amount of $65,350.10.

e.      On or about March 15, 2018, Co-Conspirator B reported to a payroll company the number of hours that H&S Framing employees had worked during a two-week period, falsely representing that none worked more than 50 hours.

f.      On or about June 21, 2019, to obtain cash to pay employees the difference between the amount of payroll checks prepared by a payroll company and the amounts owed to them, Co-Conspirator B cashed a check from Solis Brothers payable to H&S Framing in the amount of $4,925.12.

4

All in violation of 18 U.S.C. § 371.

ROGER B. HANDBERG
United States Attorney

By: _____

MICHAEL J. COOLICAN
Assistant United States Attorney

By: _____

FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

5